# UNITED STATES DISTRICT COURT
## for the
### Eastern District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>Larry Gene Harris | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No:  5:03-CR-103-1H<br>) USM No:  23519-056<br>)<br>) Thomas P. McNamara<br>) *Defendant's Attorney* |
| Date of Original Judgment:  12/10/2003<br>Date of Previous Amended Judgment:  04/13/2009<br>*(Use Date of Last Amended Judgment if Any)* | |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____

If the amount of time the defendant has already served exceeds this sentence, the sentence is reduced to a "Time Served" sentence, subject to an additional period of up to ten (10) days for administrative purposes of releasing the defendant.

*(Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment(s) dated December 10, 2003, and April 13, 2009 shall remain in effect. **IT IS SO ORDERED.**

Order Date:  1/26/2012

Effective Date: _____
*(if different from order date)*

_____
Judge's signature

Malcolm J. Howard, Senior U.S. District Judge
*Printed name and title*

EDNC Rev. 11/8/2011

DEFENDANT: Larry Gene Harris
CASE NUMBER: 5:03-CR-103-1H
DISTRICT: Eastern District of North Carolina

## I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

| | | |
|---|---|---|
| Previous Total Offense Level: 29 | Amended Total Offense Level: N/A |
| Criminal History Category: IV | Criminal History Category: N/A |
| Previous Guideline Range: 121 to 151 months | Amended Guideline Range: N/A to N/A months |

## II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

## III. ADDITIONAL COMMENTS

The defendant pled guilty to Possession With Intent to Distribute More than 5 Grams of Cocaine Base and Possession of Firearms By a Felon. At sentencing, the court grouped the offenses pursuant to 3D1.2(c) and applied 3D1.3(a) which states that offense level to the group is the highest offense level in the group which was 2D1.1. In the light of retroactivity of 18 U.S.C. § 3582(c)(2), the application of 2K2.1 for Possession of Firearms by a Felon now produces a higher offense level than 2D1.1 and is identical to the guideline range adopted by the court on April 13, 2009. The court notes that 1B1.10, Application Note 1(A) specifically states that a defendant is not eligible for relief under this provision if the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision. After careful consideration by the court, the defendant's motion is DENIED.